**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 12-1838(RMC) |
| | ) |
| | ) |
| DEPARTMENT OF THE TREASURY | ) |
| | ) |
| Defendant. | ) |

_____)

## ANSWER OF DEFENDANT

Defendant United States Department of the Treasury ("Treasury"), through undersigned

counsel, hereby answers Plaintiff Competitive Enterprise Institute's ("CEI" or "Plaintiff")

Amended Complaint as follows:

### FIRST DEFENSE

Counts III and IV of the Amended Complaint are moot.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

1.       The allegations contained in Paragraph 1 characterize Plaintiff's FOIA requests,

to which the Court is respectfully referred for a true and complete statement of its contents.

2.       Paragraph 2 is admitted.

3-4.     The statements in Paragraphs 3 and 4 constitute legal conclusions to which no

response is required.

5.       Paragraph 5 is denied.

6.      The statement in paragraph 6 constitutes a conclusion of law to which no response is required.

7.      Defendant lacks knowledge or information sufficient to either deny or admit the allegations in Paragraph 7 of the Amended Complaint.

8.      Paragraph 8 is denied.

9.      Defendant lacks knowledge or information sufficient to either deny or admit the allegations in Paragraph 9 of the Amended Complaint.

10.     Paragraph 10 is admitted.

11-12.  The statements in Paragraphs 11 and 12 constitute conclusions of law to which no answer is required.

13.     Defendant admits that on August 8, 2012, it received two FOIA requests dated August 7, 2012.  The sentence characterizes Plaintiff's FOIA requests to which the Court is respectfully referred for a true and complete statement of its content.

14.     Defendant admits it initially responded to Plaintiff's FOIA requests in a letter dated August 2, 2012.  Defendant further admits that it stated it required an additional 10 days to process the requests.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14.

15.     Paragraph 15 is denied, except to admit that Treasury assigned two tracking numbers without indicating which number referred to a particular FOIA request, and that Treasury dated its acknowledgement letter prior to the date the requests were received.

16.     The statement in Paragraph 16 constitutes a legal conclusion to which no answer is required.

17.     Defendant admits the allegations contained in this paragraph.  Defendant also admits the allegation in footnote 1 that it initially denied Plaintiff's fee waiver request in a letter dated September 26, 2012.  Defendant admits that Plaintiff appealed the fee waiver denial. Defendant subsequently granted the fee waiver and granted Defendant media requester status. Plaintiff denies the remaining allegations in footnote 1.

18-19.  Paragraphs 18 and 19 are denied.

20.     Paragraph 20 is admitted.

21-22.  The allegations contained in Paragraphs 21 and 22 constitute conclusions of law to which no response is required.

23-25.  Paragraphs 23 through 25 are admitted.

26.     Defendant admits that the statements quoted in this paragraph were contained in the FOIA requests.

27.     Defendant admits the allegations contained in this paragraph, except that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in footnote 2.

28.     Paragraph 28 is denied, except to admit that Defendant received an appeal from Plaintiff dated September 25, 2012.

29.     Paragraph 29 is denied.

30.     Defendant admits that it initially denied Plaintiff's request for a waiver or reduction of fees on September 26, 2012.  The remainder of Paragraph 30 states a legal conclusion, to which no answer is required.

31.     Paragraph 31 is denied, except to admit that Defendant initially denied Plaintiff's request for a fee waiver on September 26, 2012.

32.     Paragraph 32 is denied, except to admit that Plaintiff submitted an administrative appeal on October 25, 2012.

33.     Paragraph 33 is admitted.

34.     Defendant admits that Plaintiff alleged a public interest in the requested information.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph of the Amended Complaint.

35.     Defendant admits that Plaintiff's administrative appeal contained the quoted language.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint.

36.     Defendant admits that quoted language appears in Plaintiff's administrative appeal.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Amended Complaint.

37-38.  Paragraphs 37 and 38 are denied.

39.     Paragraph 39 is denied, except to admit that Plaintiff sent a letter by facsimile on November 5, 2012.

40.     Paragraph 40 is denied.

41.     Defendant denies the allegation contained in this paragraph.  Defendant responded to this appeal after the date the amended complaint was filed.

42-46.  The allegations contained in Paragraphs 42 through 46 constitute conclusions of law to which no response is required.  To the extent these allegations may be deemed factual, Defendant denies the allegations.

47.     Paragraph 47 is admitted.

48.     The allegations contained in paragraph 48 constitute conclusions of law to which no response is required.  To the extent these allegations may be deemed factual, Defendant denies the allegations.

49.      Paragraph 49 is denied, except to admit that Defendant has not yet provided responsive documents to the Plaintiff, that it initially denied Plaintiff's request for a fee waiver, but that it subsequently granted that request for fee waiver.

50-52.  The allegations contained in Paragraphs 50 through 52 constitute conclusions of law to which no response is required.  To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

53.     The allegations contained in the first and second sentences of Paragraph 53 are denied, and Defendant avers that it granted Plaintiff's request for a fee waiver.  The remaining allegations contained in Paragraph 53 constitute conclusions of law to which no response is required.

54-55.  The allegations contained in Paragraphs 54 and 55 constitute conclusions of law to which no response is required.  To the extent these allegations may be deemed allegations of fact, Defendant denies the allegations.

56.     The allegations contained in paragraph 56 constitute conclusions of law to which no response is required.

57-74.  The allegations contained in Paragraphs 57 through 74 constitute conclusions of law to which no response is required.  To the extent these allegations may be deemed factual, Defendant denies the allegations.

75.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the first sentence of this paragraph.  The second sentence is denied.

76.     Defendant incorporates by reference each and every Answer stated in response to paragraphs 1 through 75 of the Amended Complaint as if fully stated herein.

77.     Paragraph 77 is denied.

78.     The allegation contained in Paragraph 78 constitutes a conclusion of law to which no response is required.  To the extent this allegation may be deemed factual, Defendant denies the allegation.

79.     Paragraph 79 is admitted.

80.     The allegation contained in Paragraph 80 constitutes a conclusion of law to which no response is required.

81.     The allegations contained in Paragraph 81 constitute a prayer for relief to which no response is required.

82.     Defendant incorporates by reference each and every Answer stated in response to paragraphs 1 through 81 of the amended complaint as if fully stated herein.

83-84.  The allegations contained in Paragraphs 83 and 84 constitute a conclusion of law to which no response is required.  To the extent these allegation may be deemed factual, Defendant denies these allegations.

85.     Defendant incorporates by reference each and every Answer stated in response to paragraphs 1 through 84 of the amended complaint as if fully stated herein.

86.     The allegation contained in paragraph 86 constitutes a conclusion of law to which no response is required.  To the extent this allegation is deemed factual, Defendant denies the allegation.

87.     Paragraph 87 is denied.

88.     Paragraph 88 is denied, except to admit that Plaintiff sought a fee waiver.

89-93.   The allegations contained in Paragraphs 89 through 93 constitute conclusions of law to which no response is required.  To the extent these allegations are deemed factual, Defendant denies these allegations.

94.      Paragraph 94 is denied.

95.      The allegation contained in paragraph 95 constitutes a conclusion of law to which no response is required.

96.      The allegations contained in paragraph 96 constitute a prayer for relief to which no response is required.

97.      Defendant incorporates by reference each and every Answer stated in response to paragraphs 1 through 96 of the amended complaint as if fully stated herein.

98.      The allegations contained in paragraph 98 constitute conclusions of law to which no response is required.  To the extent these allegations are deemed allegations of fact, Defendant denies the allegations.

99.      The allegation contained in Paragraph 99 constitutes a prayer for relief to which no response is required.

100.     Defendant incorporates by reference each and every Answer stated in response to Paragraphs 1 through 99 of the amended complaint as if fully stated herein.

101.     The allegation contained in Paragraph 101 constitutes a conclusion of law to which no response is required.  To the extent this allegation is deemed factual, Defendant denies the allegation.

102.     The allegations contained in Paragraph 102 constitute a prayer for relief to which no response is required.

103.     The allegations contained in Paragraph 103 constitute conclusions of law to which no response is required.  To the extent these allegations are deemed allegations of fact,

Defendant denies the allegations, except to admit that Defendant has not yet produced records responsive to Plaintiff's request.

      The final, unnumbered, Paragraph of the Amended Complaint is a prayer for relief to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested in the complaint or to any relief whatsoever. Additionally, Defendant hereby denies all allegations in Plaintiff's Amended Complaint not expressly admitted or denied herein.

      WHEREFORE, having fully answered, Defendant respectfully asserts that Plaintiff is not entitled to the relief requested, or to any other relief whatsoever, and requests that this action be dismissed in its entirely with prejudice and that Defendant be given such other relief as this Court deems proper, including costs and disbursements.

Dated:  February 4, 2013

                        Respectfully submitted,

                        STUART F. DELERY
                        Principal Deputy Assistant Attorney General

                        ELIZABETH J. SHAPIRO
                        Deputy Director
                        Federal Programs Branch

                        _____/s/_____
                        JEAN-MICHEL VOLTAIRE (NY Bar)
                        United States Department of Justice
                        Civil Division, Federal Programs Branch
                        Tel: (202) 616-8211
                        Fax: (202) 616-8460
                        Jean.michel.voltaire@usdoj.gov
                        20 Massachusetts Avenue, NW, Room 616
                        Washington, DC 20530

                        *Counsel for Plaintiff*