IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMPETITIVE ENTERPRISE INSTITUTE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>UNITED STATES DEPARTMENT OF THE )<br>TREASURY, )<br>)<br>Defendant. )<br>) | Civil Action No. 12-1838 (RMC) |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

In Plaintiff's memorandum in opposition to the motion for summary judgment, Plaintiff argued that communications with some presidential advisers in the White House are not covered by Exemption 5's deliberative process privilege (even if communications with such officials might be covered in certain cases by the presidential communications privilege). *See* ECF No. 24 at pp. 23-24.[5] A recent decision that just came to Plaintiff's attention supports this argument.[6]

In that decision, a judge of this court ruled that communications with presidential advisers outside the Executive Office of the President were *not* protected "inter-agency" communications. *See Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, -- F.Supp.2d ----, 2013 WL 5423068, *5 (D.D.C. Sept. 30, 2013) (No. 1:12-CV-00931 (EGS)). In that ruling, Judge Sullivan observed,

---

[5] This issue is also discussed in Defendant's papers. *See* ECF No. 25 at 15.

[6] *See Cunico v. Pueblo School District No. 60*, 917 F.2d 431 434 n.1 (10th Cir. 1990) (permitting notice of a relatively recent decision under Fed. R. App. 28(j) even though "the cited authorities were available at the time the briefs were submitted," where they came "to the attention of a party after the party's brief has been filed").

1

The protections of FOIA, however, do not apply to all employees working in the White House. "Although the Executive Office of the President is an agency subject to the FOIA, see 5 U.S.C. § 552(f)(1), the Office of the President is not." *Judicial Watch, Inc. v. DOJ,* 365 F.3d 1108, 1109, n. 1 (D.C.Cir.2004) (citations omitted).

The cases cited by the Bureau do not support its claim that the deliberative process privilege is available to employees in the Office of the President in FOIA litigation. The first case CFPB cites, *CREW v. Dep't of Homeland Security,* Case 06–173, 2008 U.S. Dist. LEXIS 57442 (D.D.C. July 22, 2008) concerns Exemption 5's presidential communications privilege, not its deliberative process privilege. Unlike the deliberative process privilege, "there is [available in FOIA litigation] ... a built-in presidential communications privilege for records in the possession of, or created by, immediate White House advisers, who are not considered an agency for the purposes of FOIA." *Judicial Watch,* 365 F.3d at 1112. The other case cited by Defendant, *Judicial Watch, Inc. v. Dep't of Energy,* 412 F.3d 125 (D.C.Cir.2005), is likewise not helpful to the Bureau because it involved a committee within the Executive Office of the President, which is subject to the FOIA and can therefore assert the deliberative process privilege. *Id.  See also In re: Cheney,* 406 F.3d 723, 725 (D.C.Cir.2005).

*Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, -- F.Supp.2d ----, 2013 WL 5423068, *5 (D.D.C. Sept. 30, 2013).

Thus, the court concluded, "FOIA's deliberative process privilege applies to certain employees working in the White House but not to all." *Id.* at *6. So "the application of the privilege hinges on what capacity in the White House" a presidential adviser "worked, and for what office." *Id.*  Where the defendant's "declaration and *Vaughn* index do not provide this information," the "Court cannot conclude that the deliberative process privilege is properly invoked, and will therefore deny the Bureau's motion for summary judgment." *Id.*

Dated:  March 25, 2014                    Respectfully submitted,

                                 By:      */s/ Hans Bader*
                                          Hans Bader, D.C. Bar No. 466545
                                          Competitive Enterprise Institute
                                          1899 L St., NW, 12th Floor
                                          Washington, D.C. 20036
                                          202-331-2278 (tel.), (202) 331-0640 (fax)
                                          hbader@cei.org
                                          *Counsel for Plaintiff*

## PROOF OF SERVICE

The undersigned counsel certifies that on March 25, 2014, he caused the plaintiff's Notice of Supplemental Authority to be filed electronically with this Court through the CM/ECF filing system. Notice of this filing was automatically sent to counsel for all parties by operation of the Court's CM/ECF system. Counsel thus receiving notice included counsel for defendant:

**Jean-Michel Voltaire**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Room 6116
Washington, DC 20746
jean.michel.voltaire@usdoj.gov

/s/ Hans Bader
Hans Bader, D.C. Bar # 466545
COMPETITIVE ENTERPRISE INSTITUTE
1899 L Street, NW, 12th Floor
Washington, D.C. 20036
(202) 331-2278